## PARKER et al. v. PERKINS et al.

### No. 11015.

Court of Civil Appeals of Texas. Galveston.

Oct. 3, 1940.

Rehearing Denied Nov. 7, 1940.

Alpha & Brunson, of Houston, for plaintiffs in error.

Charles Murphy, of Houston, for defendants in error.

GRAVES, Justice.

This appeal by writ of error, is from a judgment of the court below, sitting without a jury, whereby the title to and possession of Lot Three (3) and one-half of the adjoining Lot Four (4), in Block Two (2), of the Seneschal Addition to the City of Houston, was awarded to the defendant in error as against the claims thereto of the plaintiffs in error.

The defendant in error was the plaintiff in the trial court, whereas the plaintiff in error, Alice Parker, joined pro forma by her husband, was an intervenor— the original defendant herein having been one George Brown, against whom such adverse judgment also ran, but who is named as a defendant in error under the writ of error bond filed herein by Alice Parker.

She, as such intervenor, thus in substance grounded her claim for the property in her intervention plea against the plaintiffs' petition below:

"That this intervenor is the devisee and heir at law of Rachel Rogers, deceased, and as such is entitled to seizin and possession of the above described property; that said property was the community estate of Van Duncan and wife, Rachel Duncan; that Van Duncan died intestate some twenty-five years ago; that said Rachel Duncan, who at the time of her death was known as Rachel Rogers, died on the 28th day of August, A.D.1938; that Rachel Rogers left a written will already filed for probate in the County Court of Harris County, Texas, by which will this intervenor was given a life estate in said property; that intervenor is also the maternal sister and next of kin of the said Rachel Rogers, deceased, and is therefore entitled to the use and possession of the said property;

"That the original defendant herein is the tenant of this intervenor, and that said tenant's use and occupation of the said premises and property is the use and occupation of this intervenor."

In the appealed-from decree, the learned trial court made these among other findings and recitations:

"And it appearing that the plaintiff, Julia Isapheen Duncan Perkins is the daughter and sole heir of Van Duncan, and the property involved was the separate property of Van Duncan, and the use and possession of the property has been in Rachel Duncan, the widow of since the death of Van Duncan about 1916, and Rachel Duncan departed this life about August, 1938, the right to the possession now vests in the plaintiff, Julia Isapheen Duncan Perkins.

"It is therefore by this court considered, adjudged and decreed that the plaintiff, Julia Isapheen Duncan Perkins, do have and recover of and from the defendant, George Brown, and the intervenor, Alice Parker, a married woman joined herein by her husband pro-forma, John Parker, the title and possession of * * * Lot Three (3) and the half of Lot Four (4) adjoining Lot Three (3) in Block Two (2), Seneschal Addition to the City of Houston,"

There accompanies the record a full statement of facts, but there is no bill of exception nor other recorded protest presented (not even an exception to the judgment rendered) against any evidence received, or other action taken upon the trial.

In these circumstances, it is obvious that little is presented to this Court for review, since the intervenors so grounded their claim to any interest in the property upon a condition of fact the trial court thus expressly finds did not exist—that is, that the property involved constituted the separate property of Van Duncan and not the community estate of himself and his wife, Rachel Duncan, under whom as such a community owner the plaintiffs in error claimed; not only so, but the further finding that the defendant in error is the daughter and sole heir of Van Duncan remains wholly unchallenged by aught that is made to appear, hence is conclusively established as a fact, irrespective of whatever question, if any, may have been raised below as to her parentage; indeed, the plaintiff in error in her brief admits that the defendant in error was the daughter of Van Duncan.

With the record in this condition, since the court had jurisdiction of the cause and of the parties, and its judgment is one it had the power to render under the pleadings and evidence, no entertainable at-

tack having been made upon its determinative findings of fact, nothing remains for this court to do but to affirm the judgment. It will be so ordered.

Affirmed.